# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 20-60545
Summary Calendar

Arturo Eduardo Lopez-Agustin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 239 182

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Arturo Eduardo Lopez-Agustin, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for cancellation of removal. Lopez-Agustin contends that the IJ

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60545

erred in determining that he failed to show that his removal would cause exceptional and extremely unusual hardship to his children.

When the BIA affirms the IJ without opinion, as it did here, we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021). Whether we have jurisdiction is also reviewed de novo. *Nehme v. I.N.S.*, 252 F.3d 415, 420 (5th Cir. 2001).

The Government urges that Lopez-Agustin failed to exhaust his administrative remedies as to his arguments related to non-economic hardship. However, Lopez raised before the BIA other issues, including his children's educational opportunities and gang violence in Guatemala. Thus, Lopez-Agustin has exhausted his administrative remedies. *See Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206 (5th Cir. 2007) (holding that an issue can be adequately exhausted when raised before the BIA "in a less developed form").

The consequences facing Lopez-Agustin's children if he were removed are not "substantially beyond the hardship usually associated with a parent's removal." *Guerrero Trejo*, 3 F.4th at 775. Furthermore, despite his arguments to the contrary, the IJ acknowledged all of Lopez-Agustin's children and acknowledged more than just economic factors in determining the hardship question.

The record does not compel a finding that his children would suffer exceptional and extremely unusual hardship if he were removed; thus, substantial evidence supports the determination that Lopez-Agustin was ineligible for cancellation of removal. *See id.* at 774.

No. 20-60545

Accordingly, the petition for review is DENIED and the Government's motion to dismiss for lack of jurisdiction is DENIED as moot.